COPY

1   Vincent Y. Lin (SBN: 201419)
    E-mail: lds@vincentlinlaw.com
2   LAW OFFICES OF VINCENT Y. LIN
    17919 Gale Avenue
3   City of Industry, CA 91748
    Tel: (626) 935-0929
4   Fax: (626) 935-0380

5   Attorney for plaintiff
    SHIN-LIN LI and
6   JOHNNEY ENTERPRISE, CO., LTD.

FILED
CLERK U.S DISTRICT COURT

SEP 29 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

7

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11  SHIN-LIN LI and JOHNNEY        )   Case No.
    ENTERPRISE, CO., LTD.,         )   SACV11-1517 DOC (SHx)
12                                 )
                                   )   COMPLAINT FOR PATENT
13                                 )   INFRINGEMENT AND
               Plaintiff,          )   INJUNCTIVE RELIEF
14                                 )
                                   )
15          v.                     )
                                   )   DEMAND FOR JURY TRIAL
16                                 )
    STAR ASIA, U.S.A., LLC         )
17  dba TITAN; AMAZON.COM,         )
    INC.; BUY.COM INC.;            )
18  COASTAL TOOL SUPPLY LLC        )
    dba NETWORK TOOL               )
19  WAREHOUSE; DEPOT REPAIR        )
    SERVICES LLC dba THE           )
20  PRICE PROS; IGG FACTORY        )
    INC. dba HANDHELDITEMS;        )
21  JANAKAL TOOL & SUPPLY;         )
    MATT'S TOOLS; O'REILLY         )
22  AUTOMOTIVE STORES, INC.;       )
    QUALITY TOOLS FOR LESS,        )
23  LLC; SKYWAYTOOLS.COM;          )
    SUPERIOR PANEL TECHNOLOGY      )
24  (SPT); TOOL KING LLC;          )
    WAYFAIR LLC; WESCO             )
25  ENTERPRISE LLC dba WESCO       )
    TOOLS; and DOES 1 through      )
26  50, inclusive,                 )
                                   )
27                                 )
               Defendants.         )
28                                 )

1

1    Comes now plaintiffs, by and through their
2    attorneys, hereby file this Complaint for Patent
3    Infringement and Injunctive Relief and demand a jury
4    trial and complain of defendants and each of them, as
5    follows:

6    **JURISDICTION AND VENUE**

7    1.   This Court has original subject matter
8    jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a)
9    because this action arises under the patent laws of the
10   United States, including 35 U.S.C. § 271, et seq.

11   2.   Venue is proper in this district pursuant to 28
12   U.S.C. §§ 1391(b) and (c) and 1400(b).

13   **GENERAL ALLEGATIONS**

14   3.   At all times relevant herein, Plaintiff Shin-
15   Lin Li ("Li") is an individual and citizen of Taiwan
16   having an address of No. 22, Lane 81, Sec. 2, Tunha S.
17   Road, Taipei City, Taiwan.

18   4.   At all times relevant herein, Plaintiff Johnney
19   Enterprise, Co., Ltd. ("Johnney Enterprise") is a
20   Taiwanese corporation.

21   5.   Plaintiffs are informed and believe, and
22   thereon allege, that Defendant Star Asia, U.S.A., LLC
23   dba Titan ("Titan") is a limited liability company duly
24   organized and existing under the law of the State of
25   Washington, and may be served with process through its
26   registered agent Steve Tsitsis at 7638 S. Mission
27   Drive, Seattle, Washington 98178.   Plaintiffs are
28   informed and believe, and thereon allege, that Titan

1  is, and at all times relevant herein, has been and is
2  doing business in the Central District of California.
3      6.   Plaintiffs are informed and believe, and
4  thereon allege, that Defendant Amazon.com, Inc.
5  ("Amazon") is a corporation duly organized and existing
6  under the law of the State of Delaware, and may be
7  served with process through its registered agent
8  Corporation Service Company at 2711 Centerville Road,
9  Suite 400, Wilmington, DE 19808.  Plaintiffs are
10  informed and believe, and thereon allege, that Amazon
11  is, and at all times relevant herein, has been and is
12  doing business in the Central District of California.
13      7.   Plaintiffs are informed and believe, and
14  thereon allege, that Defendant Buy.com Inc. ("Buy.com")
15  is a corporation duly organized and existing under the
16  law of the State of Delaware, and may be served with
17  process through its registered agent Neel Grover at 85
18  Enterprise, Suite 100, Aliso Viejo, CA 92656.
19  Plaintiffs are informed and believe, and thereon
20  allege, that Buy.com is, and at all times relevant
21  herein, has been and is doing business in the Central
22  District of California.
23      8.   Plaintiffs are informed and believe, and
24  thereon allege, that Defendant Coastal Tool Supply LLC
25  dba Network Tool Warehouse ("Coastal") is an unknown
26  entity that maintains a principal place of business at
27  3432 14th Avenue S., Seattle, WA 98144.  Plaintiffs are
28  informed and believe, and thereon allege, that Coastal

1  is, and at all times relevant herein, has been and is
2  doing business in the Central District of California.

3      9.   Plaintiffs are informed and believe, and
4  thereon allege, that Defendant Depot Repair Services
5  LLC dba The Price Pros ("Price Pros") is a limited
6  liability company duly organized and existing under the
7  law of the State of Nevada, and may be served with
8  process through its registered agent Shai B. Rebichia
9  at 461 Cremona Way, Oak Park, CA 91377.   Plaintiffs are
10 informed and believe, and thereon allege, that Price
11 Pros is, and at all times relevant herein, has been and
12 is doing business in the Central District of
13 California.

14      10.  Plaintiffs are informed and believe, and
15 thereon allege, that Defendant IGg Factory Inc. dba
16 HandHelditems ("IGg") is a coriporation duly organized
17 and existing under the law of the State of California,
18 with its principal place of business at 1211 John Reed
19 Court, City of Industry, CA 91745.   Plaintiffs are
20 informed and believe, and thereon allege, that IGg is,
21 and at all times relevant herein, has been and is doing
22 business in the Central District of California.

23      11.  Plaintiffs are informed and believe, and
24 thereon allege, that Defendant Janakal Tool & Supply
25 ("Janakal") is an unknown entity that maintains a
26 principal place of business at 14000 Fenton Avenue,
27 Sylmar, CA 91342.   Plaintiffs are informed and believe,
28 and thereon allege, that Janakal is, and at all times

1   relevant herein, has been and is doing business in the
2   Central District of California.
3       12. Plaintiffs are informed and believe, and
4   thereon allege, that Defendant Matt's Tools ("Matt's")
5   is an unknown entity that maintains a principal place
6   of business at 23479 SW Brittany Ln., Sherwood, OR
7   97140.  Plaintiffs are informed and believe, and
8   thereon allege, that Matt's is, and at all times
9   relevant herein, has been and is doing business in the
10  Central District of California.
11      13. Plaintiffs are informed and believe, and
12  thereon allege, that Defendant O'Reilly Automotive
13  Stores, Inc. ("O'Reilly") is a corporation duly
14  organized and existing under the law of the State of
15  Missouri, and may be served with process through its
16  registered agent C T Corporation System at 818 W.
17  Seventh Street, Los Angeles, CA 90017.  Plaintiffs are
18  informed and believe, and thereon allege, that O'Reilly
19  is, and at all times relevant herein, has been and is
20  doing business in the Central District of California.
21      14. Plaintiffs are informed and believe, and
22  thereon allege, that Defendant Quality Tools for Less,
23  LLC ("Quality Tools") is a limited liability company
24  duly organized and existing under the law of the State
25  of Colorado with its principal place of business at
26  16770 Firebrick Drive, Parker, CO 80134; and may be
27  served with process through its registered agent
28  National Registered Agents, Inc. at 1535 Grant Street,

1   Suite 140, Denver, CO 80203.  Plaintiffs are informed
2   and believe, and thereon allege, that Quality Tools is,
3   and at all times relevant herein, has been and is doing
4   business in the Central District of California.

5       15.  Plaintiffs are informed and believe, and
6   thereon allege, that Defendant SkywayTools.com
7   ("Skyway") is an unknown entity that maintains a
8   principal place of business at 2499 Bruce Road, Chico,
9   CA 95928.  Plaintiffs are informed and believe, and
10  thereon allege, that Skyway is, and at all times
11  relevant herein, has been and is doing business in the
12  Central District of California.

13      16.  Plaintiffs are informed and believe, and
14  thereon allege, that Defendant Superior Panel
15  Technology (SPT) ("SPT") is an unknown entity that
16  maintains a principal place of business at 635 E. First
17  Street, #422, Tustin, CA 92780.  Plaintiffs are
18  informed and believe, and thereon allege, that SPT is,
19  and at all times relevant herein, has been and is doing
20  business in the Central District of California.

21      17.  Plaintiffs are informed and believe, and
22  thereon allege, that Defendant Tool King LLC ("Tool
23  King") is a limited liability company duly organized
24  and existing under the law of the State of Colorado
25  with its principal place of business at 11111 West 6th
26  Ave., Unit D, Lakewood, CO 80215.  Plaintiffs are
27  informed and believe, and thereon allege, that Tool
28  King is, and at all times relevant herein, has been and

1   is doing business in the Central District of
2   California.

3       18. Plaintiffs are informed and believe, and
4   thereon allege, that Defendant Wayfair LLC ("Wayfair"),
5   the successor limited liability company to CSN Stores
6   LLC, is a limited liability company duly organized and
7   existing under the law of the State of Delaware with
8   its principal place of business at 177 Huntington Ave.,
9   Suite 6000, Boston, MA 02115.  Plaintiffs are informed
10  and believe, and thereon allege, that Wayfair is, and
11  at all times relevant herein, has been and is doing
12  business in the Central District of California.

13      19. Plaintiffs are informed and believe, and
14  thereon allege, that Defendant Wesco Enterprise LLC dba
15  Wesco Tools ("Wesco") is a limited liability company
16  duly organized and existing under the law of the State
17  of Pennsylvania with its principal place of business at
18  3573 Brown Hill Road, Youngsville, PA 16371.
19  Plaintiffs are informed and believe, and thereon
20  allege, that Wesco is, and at all times relevant
21  herein, has been and is doing business in the Central
22  District of California.

23      20. Plaintiffs are ignorant of the true names and
24  capacities of defendants sued herein as Does 1 through
25  50, inclusive, and therefore sue said defendants and
26  each of them by such fictitious names.  Plaintiffs are
27  informed and believe, and thereon allege, that each of
28  said fictitiously named defendants is responsible in

1   some manner for the occurrences herein alleged, and
2   Plaintiff's damages were the result of the acts or
3   omissions of said defendants and each of them.
4   Plaintiffs shall seek leave of the Court to amend this
5   complaint to allege the true names and capacities of
6   said defendants when ascertained.

7      21.  Plaintiffs are informed and believe, and
8   thereon allege, that at all times relevant herein,
9   defendants and each said defendant were each other's
10  agents, employees, partners, co-ventures, or
11  representatives.  Plaintiffs are informed and believe,
12  and thereon allege, that at all times relevant herein,
13  in performing the acts or omissions herein alleged,
14  that said defendants and each said defendant were
15  acting within the scope of said agency, employment,
16  partnership, co-venture, or representation.

17                    **CLAIMS FOR RELIEF**

18                       **COUNT I**

19     **UTILITY PATENT INFRINGEMENT OF U.S. PATENT NO.**

20                     **6,490,809**

21     22.  Plaintiffs hereby repeat and incorporate herein
22  the allegations set forth in the paragraphs above.  .

23     23.  On December 10, 2002, United States Patent No.
24  US 6,490,809 B1 (the "'809 Patent") was duly and
25  legally issued for an invention entitled "Brake
26  Structure Of A Tape Measure."  Li is the inventor of
27  the '809 Patent, and Li and Johnney Enterprise are the
28  exclusive licensees of the '809 Patent.   The '809

1  Patent is valid and enforceable.  A copy of the '809

2  Patent is attached hereto as "Exhibit A."

3      24.  Titan has infringed and continue to infringe

4  the '809 Patent by manufacturing, using, marketing,

5  selling, offering for sale, and/or importing products

6  covered by the '809 Patent.  As a result, Titan has in

7  the past and continues to infringe directly, by

8  inducement and contributing to the infringement of the

9  Patent.  Titan is liable for infringement of the '809

10  Patent pursuant to 35 U.S.C. §§ 271 and 289.

11      25. Titan's infringement of Plaintiff's exclusive

12  rights under the '809 Patent has caused great damage

13  and irreparable harm to Plaintiffs.  Unless enjoined by

14  the Court, Titan'S conduct will continue to cause

15  great, immediate and irreparable harm to Plaintiffs,

16  because there is no adequate remedy at law.

17      26. Titan's infringing acts with respect to the

18  '809 Patent was and is willful under 35 U.S.C. § 284,

19  and this case is "exceptional" under 35 U.S.C. § 284,

20  in that, among other things, Titan had actual and/or

21  constructive knowledge of the Patent and continued its

22  infringing conduct in disregard of Plaintiffs' patent

23  rights.

24      27.  Amazon has infringed and continue to infringe

25  the '809 Patent by manufacturing, using, marketing,

26  selling, offering for sale, and/or importing products

27  covered by the '809 Patent.  As a result, Amazon has in

28  the past and continues to infringe directly, by

1  inducement and contributing to the infringement of the
2  Patent.   Amazon is liable for infringement of the '809
3  Patent pursuant to 35 U.S.C. §§ 271 and 289.

4      28. Amazon's infringement of Plaintiff's exclusive
5  rights under the '809 Patent has caused great damage
6  and irreparable harm to Plaintiff.   Unless enjoined by
7  the Court, Amazon's conduct will continue to cause
8  great, immediate and irreparable harm to Plaintiff,
9  because there is no adequate remedy at law.

10     29. Amazon's infringing acts with respect to the
11 '809 Patent was and is willful under 35 U.S.C. § 284,
12 and this case is "exceptional" under 35 U.S.C. § 284,
13 in that, among other things, Amazon had actual and/or
14 constructive knowledge of the Patent and continued its
15 infringing conduct in disregard of Plaintiffs' patent
16 rights.

17     30.  Buy.com has infringed and continue to infringe
18 the '809 Patent by manufacturing, using, marketing,
19 selling, offering for sale, and/or importing products
20 covered by the '809 Patent.  As a result, Buy.com has
21 in the past and continues to infringe directly, by
22 inducement and contributing to the infringement of the
23 Patent.   Buy.com is liable for infringement of the '809
24 Patent pursuant to 35 U.S.C. §§ 271 and 289.

25     31. Buy.com's infringement of Plaintiffs' exclusive
26 rights under the '809 Patent has caused great damage
27 and irreparable harm to Plaintiffs.   Unless enjoined by
28 the Court, Buy.com's conduct will continue to cause

1  great, immediate and irreparable harm to Plaintiffs,
2  because there is no adequate remedy at law.

3      32.  Buy.com's infringing acts with respect to the
4  '809 Patent was and is willful under 35 U.S.C. § 284,
5  and this case is "exceptional" under 35 U.S.C. § 284,
6  in that, among other things, Buy.com had actual and/or
7  constructive knowledge of the Patent and continued its
8  infringing conduct in disregard of Plaintiffs' patent
9  rights.

10     33.  Coastal has infringed and continue to infringe
11  the '809 Patent by manufacturing, using, marketing,
12  selling, offering for sale, and/or importing products
13  covered by the '809 Patent.  As a result, Coastal has
14  in the past and continues to infringe directly, by
15  inducement and contributing to the infringement of the
16  Patent.  Coastal is liable for infringement of the '809
17  Patent pursuant to 35 U.S.C. §§ 271 and 289.

18     34.  Coastal's infringement of Plaintiffs' exclusive
19  rights under the '809 Patent has caused great damage
20  and irreparable harm to Plaintiffs.  Unless enjoined by
21  the Court, Coastal's conduct will continue to cause
22  great, immediate and irreparable harm to Plaintiffs,
23  because there is no adequate remedy at law.

24     35.  Coastal's infringing acts with respect to the
25  '809 Patent was and is willful under 35 U.S.C. § 284,
26  and this case is "exceptional" under 35 U.S.C. § 284,
27  in that, among other things, Coastal had actual and/or
28  constructive knowledge of the Patent and continued its

1   infringing conduct in disregard of Plaintiffs' patent
2   rights.

3      36.   Price Pros has infringed and continue to
4   infringe the '809 Patent by manufacturing, using,
5   marketing, selling, offering for sale, and/or importing
6   products covered by the '809 Patent.  As a result,
7   Price Pros has in the past and continues to infringe
8   directly, by inducement and contributing to the
9   infringement of the Patent.  Price Pros is liable for
10  infringement of the '809 Patent pursuant to 35 U.S.C.
11  §§ 271 and 289.

12     37. Price Pros's infringement of Plaintiffs'
13  exclusive rights under the '809 Patent has caused great
14  damage and irreparable harm to Plaintiffs.  Unless
15  enjoined by the Court, Price Pros's conduct will
16  continue to cause great, immediate and irreparable harm
17  to Plaintiffs, because there is no adequate remedy at
18  law.

19     38. Price Pros's infringing acts with respect to
20  the '809 Patent was and is willful under 35 U.S.C. §
21  284, and this case is "exceptional" under 35 U.S.C. §
22  284, in that, among other things, Price Pros had actual
23  and/or constructive knowledge of the Patent and
24  continued its infringing conduct in disregard of
25  Plaintiffs' patent rights.

26     39.   ICg has infringed and continue to infringe the
27  '809 Patent by manufacturing, using, marketing,
28  selling, offering for sale, and/or importing products

1   covered by the '809 Patent.  As a result, Igg has in
2   the past and continues to infringe directly, by
3   inducement and contributing to the infringement of the
4   Patent.  IGg is liable for infringement of the '809
5   Patent pursuant to 35 U.S.C. §§ 271 and 289.

6       40.  IGg's infringement of Plaintiffs' exclusive
7   rights under the '809 Patent has caused great damage
8   and irreparable harm to Plaintiffs.  Unless enjoined by
9   the Court, IGg's conduct will continue to cause great,
10  immediate and irreparable harm to Plaintiffs, because
11  there is no adequate remedy at law.

12      41.  IGg's infringing acts with respect to the '809
13  Patent was and is willful under 35 U.S.C. § 284, and
14  this case is "exceptional" under 35 U.S.C. § 284, in
15  that, among other things, IGg had actual and/or
16  constructive knowledge of the Patent and continued its
17  infringing conduct in disregard of Plaintiffs' patent
18  rights.

19      42.  Janakal has infringed and continue to infringe
20  the '809 Patent by manufacturing, using, marketing,
21  selling, offering for sale, and/or importing products
22  covered by the '809 Patent.  As a result, Janakal has
23  in the past and continues to infringe directly, by
24  inducement and contributing to the infringement of the
25  Patent.  Janakal is liable for infringement of the '809
26  Patent pursuant to 35 U.S.C. §§ 271 and 289.

27      43.  Janakal's infringement of Plaintiffs' exclusive
28  rights under the '809 Patent has caused great damage

1   and irreparable harm to Plaintiffs.  Unless enjoined by
2   the Court, Janakal's conduct will continue to cause
3   great, immediate and irreparable harm to Plaintiffs,
4   because there is no adequate remedy at law.

5      44.  Janakal's infringing acts with respect to the
6   '809 Patent was and is willful under 35 U.S.C. § 284,
7   and this case is "exceptional" under 35 U.S.C. § 284,
8   in that, among other things, Janakal had actual and/or
9   constructive knowledge of the Patent and continued its
10  infringing conduct in disregard of Plaintiffs' patent
11  rights.

12     45.  Matt's has infringed and continue to infringe
13  the '809 Patent by manufacturing, using, marketing,
14  selling, offering for sale, and/or importing products
15  covered by the '809 Patent.  As a result, Matt's has in
16  the past and continues to infringe directly, by
17  inducement and contributing to the infringement of the
18  Patent.  Matt's is liable for infringement of the '809
19  Patent pursuant to 35 U.S.C. §§ 271 and 289.

20     46.  Matt's infringement of Plaintiffs' exclusive
21  rights under the '809 Patent has caused great damage
22  and irreparable harm to Plaintiffs.  Unless enjoined by
23  the Court, Matt's conduct will continue to cause great,
24  immediate and irreparable harm to Plaintiffs, because
25  there is no adequate remedy at law.

26     47.  Matt's infringing acts with respect to the '809
27  Patent was and is willful under 35 U.S.C. § 284, and
28  this case is "exceptional" under 35 U.S.C. § 284, in

1   that, among other things, Matt's had actual and/or

2   constructive knowledge of the Patent and continued its

3   infringing conduct in disregard of Plaintiffs' patent

4   rights.

5        48.   O'Reilly has infringed and continue to

6   infringe the '809 Patent by manufacturing, using,

7   marketing, selling, offering for sale, and/or importing

8   products covered by the '809 Patent.  As a result,

9   O'Reilly has in the past and continues to infringe

10  directly, by inducement and contributing to the

11  infringement of the Patent.  O'Reilly is liable for

12  infringement of the '809 Patent pursuant to 35 U.S.C.

13  §§ 271 and 289.

14       49. O'Reilly's infringement of Plaintiffs'

15  exclusive rights under the '809 Patent has caused great

16  damage and irreparable harm to Plaintiffs.  Unless

17  enjoined by the Court, O'Reilly's conduct will continue

18  to cause great, immediate and irreparable harm to

19  Plaintiffs, because there is no adequate remedy at law.

20       50. O'Reilly's infringing acts with respect to the

21  '809 Patent was and is willful under 35 U.S.C. § 284,

22  and this case is "exceptional" under 35 U.S.C. § 284,

23  in that, among other things, O'Reilly had actual and/or

24  constructive knowledge of the Patent and continued its

25  infringing conduct in disregard of Plaintiffs' patent

26  rights.

27       51.   Quality Tools has infringed and continue to

28  infringe the '809 Patent by manufacturing, using,

1  marketing, selling, offering for sale, and/or importing
2  products covered by the '809 Patent.  As a result,
3  Quality Tools has in the past and continues to infringe
4  directly, by inducement and contributing to the
5  infringement of the Patent.  Quality Toolsis liable for
6  infringement of the '809 Patent pursuant to 35 U.S.C.
7  §§ 271 and 289.

8    52. Quality Tools's infringement of Plaintiffs'
9  exclusive rights under the '809 Patent has caused great
10 damage and irreparable harm to Plaintiffs.  Unless
11 enjoined by the Court, Quality Tools's conduct will
12 continue to cause great, immediate and irreparable harm
13 to Plaintiffs, because there is no adequate remedy at
14 law.

15   53. Quality Tools's infringing acts with respect to
16 the '809 Patent was and is willful under 35 U.S.C. §
17 284, and this case is "exceptional" under 35 U.S.C. §
18 284, in that, among other things, Quality Tools had
19 actual and/or constructive knowledge of the Patent and
20 continued its infringing conduct in disregard of
21 Plaintiffs' patent rights.

22   54.  Skyway has infringed and continue to infringe
23 the '809 Patent by manufacturing, using, marketing,
24 selling, offering for sale, and/or importing products
25 covered by the '809 Patent.  As a result, Skyway has in
26 the past and continues to infringe directly, by
27 inducement and contributing to the infringement of the
28 Patent.  Skyway is liable for infringement of the '809

1  Patent pursuant to 35 U.S.C. §§ 271 and 289.

2      55. Skyway's infringement of Plaintiffs' exclusive

3  rights under the '809 Patent has caused great damage

4  and irreparable harm to Plaintiffs.  Unless enjoined by

5  the Court, Skyway's conduct will continue to cause

6  great, immediate and irreparable harm to Plaintiffs,

7  because there is no adequate remedy at law.

8      56. Skyway's infringing acts with respect to the

9  '809 Patent was and is willful under 35 U.S.C. § 284,

10  and this case is "exceptional" under 35 U.S.C. § 284,

11  in that, among other things, Skyway had actual and/or

12  constructive knowledge of the Patent and continued its

13  infringing conduct in disregard of Plaintiffs' patent

14  rights.

15      57.  SPT has infringed and continue to infringe the

16  '809 Patent by manufacturing, using, marketing,

17  selling, offering for sale, and/or importing products

18  covered by the '809 Patent.  As a result, SPT has in

19  the past and continues to infringe directly, by

20  inducement and contributing to the infringement of the

21  Patent.  SPT is liable for infringement of the '809

22  Patent pursuant to 35 U.S.C. §§ 271 and 289.

23      58. SPT's infringement of Plaintiffs' exclusive

24  rights under the '809 Patent has caused great damage

25  and irreparable harm to Plaintiffs.  Unless enjoined by

26  the Court, SPT's conduct will continue to cause great,

27  immediate and irreparable harm to Plaintiffs, because

28  there is no adequate remedy at law.

1    59. SPT's infringing acts with respect to the '809
2    Patent was and is willful under 35 U.S.C. § 284, and
3    this case is "exceptional" under 35 U.S.C. § 284, in
4    that, among other things, SPT had actual and/or
5    constructive knowledge of the Patent and continued its
6    infringing conduct in disregard of Plaintiffs' patent
7    rights.

8    60. Tool King has infringed and continue to
9    infringe the '809 Patent by manufacturing, using,
10   marketing, selling, offering for sale, and/or importing
11   products covered by the '809 Patent.  As a result, Tool
12   King has in the past and continues to infringe
13   directly, by inducement and contributing to the
14   infringement of the Patent.  Tool King is liable for
15   infringement of the '809 Patent pursuant to 35 U.S.C.
16   §§ 271 and 289.

17   61. Tool King's infringement of Plaintiffs'
18   exclusive rights under the '809 Patent has caused great
19   damage and irreparable harm to Plaintiffs.  Unless
20   enjoined by the Court, Tool King's conduct will
21   continue to cause great, immediate and irreparable harm
22   to Plaintiffs, because there is no adequate remedy at
23   law.

24   62. Tool King's infringing acts with respect to the
25   '809 Patent was and is willful under 35 U.S.C. § 284,
26   and this case is "exceptional" under 35 U.S.C. § 284,
27   in that, among other things, Tool King had actual
28   and/or constructive knowledge of the Patent and

1  continued its infringing conduct in disregard of
2  Plaintiffs' patent rights.

3       63.  Wayfair has infringed and continue to infringe
4  the '809 Patent by manufacturing, using, marketing, ·
5  selling, offering for sale, and/or importing products
6  covered by the '809 Patent.  As a result, Wayfair has
7  in the past and continues to infringe directly, by
8  inducement and contributing to the infringement of the
9  Patent.  Wayfair is liable for infringement of the '809
10 Patent pursuant to 35 U.S.C. §§ 271 and 289.

11      64.  Wayfair's infringement of Plaintiffs' exclusive
12 rights under the '809 Patent has caused great damage
13 and irreparable harm to Plaintiffs.  Unless enjoined by
14 the Court, Wayfair's conduct will continue to cause
15 great, immediate and irreparable harm to Plaintiffs,
16 because there is no adequate remedy at law.

17      65.  Wayfair's infringing acts with respect to the
18 '809 Patent was and is willful under 35 U.S.C. § 284,
19 and this case is "exceptional" under 35 U.S.C. § 284,
20 in that, among other things, Wayfair had actual and/or
21 constructive knowledge of the Patent and continued its
22 infringing conduct in disregard of Plaintiffs' patent
23 rights.

24      66.  Wesco has infringed and continue to infringe
25 the '809 Patent by manufacturing, using, marketing,
26 selling, offering for sale, and/or importing products
27 covered by the '809 Patent.  As a result, Wesco has in
28 the past and continues to infringe directly, by

1   inducement and contributing to the infringement of the
2   Patent.   Wesco is liable for infringement of the '809
3   Patent pursuant to 35 U.S.C. §§ 271 and 289.

4      67. Wesco's infringement of Plaintiffs' exclusive
5   rights under the '809 Patent has caused great damage
6   and irreparable harm to Plaintiffs.  Unless enjoined by
7   the Court, Wesco's conduct will continue to cause
8   great, immediate and irreparable harm to Plaintiffs,
9   because there is no adequate remedy at law.

10     68. Wesco's infringing acts with respect to the
11  '809 Patent was and is willful under 35 U.S.C. § 284,
12  and this case is "exceptional" under 35 U.S.C. § 284,
13  in that, among other things, Wesco had actual and/or
14  constructive knowledge of the Patent and continued its
15  infringing conduct in disregard of Plaintiffs' patent
16  rights.

17     69. This is an exception case entitling Plaintiffs
18  to treble damages under 35 U.S.C. § 284, and attorneys'
19  fees and costs incurred in prosecuting this action
20  under 35 U.S.C. § 285.

21                      COUNT II

22  DESIGN PATENT INFRINGEMENT OF U.S. PATENT NO. D485,770

23     70. Plaintiffs hereby repeat and incorporate herein
24  the allegations set forth in the paragraphs above.

25     71. On January 27, 2004, United States Patent No.
26  US D485,770 S (the "'770 Patent") was duly and legally
27  issued for an invention entitled "Tape Measure."  The
28  '770 Patent is for the ornamental design of the '809

1 Patent.   Li is the inventor of the '770 Patent, and Li
2 and Johnney Enterprise are the exclusive licensees of
3 the '770 Patent.   The '770 Patent is valid and
4 enforceable.   A copy of the '770 Patent is attached
5 hereto as "Exhibit B."

6     72.   Titan has infringed and continue to infringe
7 the '770 Patent by manufacturing, using, marketing,
8 selling, offering for sale, and/or importing products
9 covered by the '770 Patent.   As a result, Titan has in
10 the past and continues to infringe directly, by
11 inducement and contributing to the infringement of the
12 Patent.   Titan is liable for infringement of the '770
13 Patent pursuant to 35 U.S.C. §§ 271 and 289.

14     73.   Titan's infringement of Plaintiffs' exclusive
15 rights under the '770 Patent has caused great damage
16 and irreparable harm to Plaintiffs.   Unless enjoined by
17 the Court, Titan's conduct will continue to cause
18 great, immediate and irreparable harm to Plaintiffs,
19 because there is no adequate remedy at law.

20     74.   Titan's infringing acts with respect to the
21 '770 Patent was and is willful under 35 U.S.C. § 284,
22 and this case is "exceptional" under 35 U.S.C. § 284,
23 in that, among other things, Titan had actual and/or
24 constructive knowledge of the Patent and continued its
25 infringing conduct in disregard of Plaintiffs' patent
26 rights.

27     75.   Amazon has infringed and continue to infringe
28 the '770 Patent by manufacturing, using, marketing,

1  selling, offering for sale, and/or importing products
2  covered by the '770 Patent.  As a result, Amazon has in
3  the past and continues to infringe directly, by
4  inducement and contributing to the infringement of the
5  Patent.  Amazon is liable for infringement of the '770
6  Patent pursuant to 35 U.S.C. §§ 271 and 289.

7      76.  Amazon's infringement of Plaintiffs' exclusive
8  rights under the '770 Patent has caused great damage
9  and irreparable harm to Plaintiffs.  Unless enjoined by
10  the Court, Amazon's conduct will continue to cause .
11  great, immediate and irreparable harm to Plaintiffs,
12  because there is no adequate remedy at law.

13      77.  Amazon's infringing acts with respect to the
14  '770 Patent was and is willful under 35 U.S.C. § 284,
15  and this case is "exceptional" under 35 U.S.C. § 284,
16  in that, among other things, Amazon had actual and/or
17  constructive knowledge of the Patent and continued its
18  infringing conduct in disregard of Plaintiffs' patent
19  rights.

20      78.  Buy.com has infringed and continue to infringe
21  the '770 Patent by manufacturing, using, marketing,
22  selling, offering for sale, and/or importing products
23  covered by the '770 Patent.  As a result, Buy.com has
24  in the past and continues to infringe directly, by
25  inducement and contributing to the infringement of the
26  Patent.  Buy.com is liable for infringement of the '770
27  Patent pursuant to 35 U.S.C. §§ 271 and 289.
28  ///

1   79.  Buy.com's infringement of Plaintiffs' exclusive
2   rights under the '770 Patent has caused great damage
3   and irreparable harm to Plaintiffs.  Unless enjoined by
4   the Court, Buy.com's conduct will continue to cause
5   great, immediate and irreparable harm to Plaintiffs,
6   because there is no adequate remedy at law.

7   80.  Buy.com's infringing acts with respect to the
8   '770 Patent was and is willful under 35 U.S.C. § 284,
9   and this case is "exceptional" under 35 U.S.C. § 284,
10  in that, among other things, Buy.com had actual and/or
11  constructive knowledge of the Patent and continued its
12  infringing conduct in disregard of Plaintiffs' patent
13  rights.

14  81.  Coastal has infringed and continue to infringe
15  the '770 Patent by manufacturing, using, marketing,
16  selling, offering for sale, and/or importing products
17  covered by the '770 Patent.  As a result, Coastal has
18  in the past and continues to infringe directly, by
19  inducement and contributing to the infringement of the
20  Patent.  Coastal is liable for infringement of the '770
21  Patent pursuant to 35 U.S.C. §§ 271 and 289.

22  82.  Coastal's infringement of Plaintiffs' exclusive
23  rights under the '770 Patent has caused great damage
24  and irreparable harm to Plaintiffs.  Unless enjoined by
25  the Court, Coastal's conduct will continue to cause
26  great, immediate and irreparable harm to Plaintiffs,
27  because there is no adequate remedy at law.
28  ///

1    83.  Coastal's infringing acts with respect to the
2  '770 Patent was and is willful under 35 U.S.C. § 284,
3  and this case is "exceptional" under 35 U.S.C. § 284,
4  in that, among other things, Coastal had actual and/or
5  constructive knowledge of the Patent and continued its
6  infringing conduct in disregard of Plaintiffs' patent
7  rights.

8    84.  Price Pros has infringed and continue to
9  infringe the '770 Patent by manufacturing, using,
10 marketing, selling, offering for sale, and/or importing
11 products covered by the '770 Patent.  As a result,
12 Price Pros has in the past and continues to infringe
13 directly, by inducement and contributing to the
14 infringement of the Patent.  Price Pros is liable for
15 infringement of the '770 Patent pursuant to 35 U.S.C.
16 §§ 271 and 289.

17    85.  Price Pros's infringement of Plaintiffs'
18 exclusive rights under the '770 Patent has caused great
19 damage and irreparable harm to Plaintiffs.  Unless
20 enjoined by the Court, Price Pros's conduct will
21 continue to cause great, immediate and irreparable harm
22 to Plaintiffs, because there is no adequate remedy at
23 law.

24    86.  Price Pros's infringing acts with respect to
25 the '770 Patent was and is willful under 35 U.S.C. §
26 284, and this case is "exceptional" under 35 U.S.C. §
27 284, in that, among other things, Price Pros had actual
28 and/or constructive knowledge of the Patent and

1  continued its infringing conduct in disregard of
2  Plaintiffs' patent rights.

3      87.  IGg has infringed and continue to infringe the
4  '770 Patent by manufacturing, using, marketing,
5  selling, offering for sale, and/or importing products
6  covered by the '770 Patent.  As a result, IGg has in
7  the past and continues to infringe directly, by
8  inducement and contributing to the infringement of the
9  Patent.  IGg is liable for infringement of the '770
10  Patent pursuant to 35 U.S.C. §§ 271 and 289.

11      88.  IGg's infringement of Plaintiffs' exclusive
12  rights under the '770 Patent has caused great damage
13  and irreparable harm to Plaintiffs.  Unless enjoined by
14  the Court, IGg's conduct will continue to cause great,
15  immediate and irreparable harm to Plaintiffs, because
16  there is no adequate remedy at law.

17      89.  IGg's infringing acts with respect to the '770
18  Patent was and is willful under 35 U.S.C. § 284, and
19  this case is "exceptional" under 35 U.S.C. § 284, in
20  that, among other things, IGg had actual and/or
21  constructive knowledge of the Patent and continued its
22  infringing conduct in disregard of Plaintiffs' patent
23  rights.

24      90.  Janakal has infringed and continue to infringe
25  the '770 Patent by manufacturing, using, marketing,
26  selling, offering for sale, and/or importing products
27  covered by the '770 Patent.  As a result, Janakal has
28  in the past and continues to infringe directly, by  ·

inducement and contributing to the infringement of the Patent.   Janakal is liable for infringement of the '770 Patent pursuant to 35 U.S.C. §§ 271 and 289.

91. Janakal's infringement of Plaintiffs' exclusive rights under the '770 Patent has caused great damage and irreparable harm to Plaintiffs.   Unless enjoined by the Court, Janakal's conduct will continue to cause great, immediate and irreparable harm to Plaintiffs, because there is no adequate remedy at law.

92. Janakal's infringing acts with respect to the '770 Patent was and is willful under 35 U.S.C. § 284, and this case is "exceptional" under 35 U.S.C. § 284, in that, among other things, Janakal had actual and/or constructive knowledge of the Patent and continued its infringing conduct in disregard of Plaintiffs' patent rights.

93. Matt's has infringed and continue to infringe the '770 Patent by manufacturing, using, marketing, selling, offering for sale, and/or importing products covered by the '770 Patent.   As a result, Matt's has in the past and continues to infringe directly, by inducement and contributing to the infringement of the Patent.   Matt's is liable for infringement of the '770 Patent pursuant to 35 U.S.C. §§ 271 and 289.

94. Matt's infringement of Plaintiffs' exclusive rights under the '770 Patent has caused great damage and irreparable harm to Plaintiffs.   Unless enjoined by the Court, Matt's conduct will continue to cause great,

1  immediate and irreparable harm to Plaintiffs, because

2  there is no adequate remedy at law.

3      95. Matt's infringing acts with respect to the '770

4  Patent was and is willful under 35 U.S.C. § 284, and

5  this case is "exceptional" under 35 U.S.C. § 284, in

6  that, among other things, Matt's had actual and/or

7  constructive knowledge of the Patent and continued its

8  infringing conduct in disregard of Plaintiffs' patent

9  rights.

10     96. O'Reilly has infringed and continue to infringe

11 the '770 Patent by manufacturing, using, marketing,

12 selling, offering for sale, and/or importing products

13 covered by the '770 Patent.  As a result, O'Reilly has

14 in the past and continues to infringe directly, by

15 inducement and contributing to the infringement of the

16 Patent.  O'Reilly is liable for infringement of the

17 '770 Patent pursuant to 35 U.S.C. §§ 271 and 289.

18     97. O'Reilly's infringement of Plaintiffs'

19 exclusive rights under the '770 Patent has caused great

20 damage and irreparable harm to Plaintiffs.  Unless

21 enjoined by the Court, O'Reilly's conduct will continue

22 to cause great, immediate and irreparable harm to

23 Plaintiffs, because there is no adequate remedy at law.

24     98. O'Reilly's infringing acts with respect to the

25 '770 Patent was and is willful under 35 U.S.C. § 284,

26 and this case is "exceptional" under 35 U.S.C. § 284,

27 in that, among other things, O'Reilly had actual and/or

28 constructive knowledge of the Patent and continued its

1  infringing conduct in disregard of Plaintiffs' patent
2  rights.

3  99. Quality Tools has infringed and continue to
4  infringe the '770 Patent by manufacturing, using,
5  marketing, selling, offering for sale, and/or importing
6  products covered by the '770 Patent.  As a result,
7  Quality Tools has in the past and continues to infringe
8  directly, by inducement and contributing to the
9  infringement of the Patent.  Quality Tools is liable
10  for infringement of the '770 Patent pursuant to 35
11  U.S.C. §§ 271 and 289.

12  100.  Quality Tools's infringement of Plaintiffs'
13  exclusive rights under the '770 Patent has caused great
14  damage and irreparable harm to Plaintiffs.  Unless
15  enjoined by the Court, Quality Tools's conduct will
16  continue to cause great, immediate and irreparable harm
17  to Plaintiffs, because there is no adequate remedy at
18  law.

19  101.  Quality Tools's infringing acts with respect
20  to the '770 Patent was and is willful under 35 U.S.C. §
21  284, and this case is "exceptional" under 35 U.S.C. §
22  284, in that, among other things, Quality Tools had
23  actual and/or constructive knowledge of the Patent and
24  continued its infringing conduct in disregard of
25  Plaintiffs' patent rights.

26  102.  Skyway has infringed and continue to infringe
27  the '770 Patent by manufacturing, using, marketing,
28  selling, offering for sale, and/or importing products

covered by the '770 Patent.  As a result, Skyway has in the past and continues to infringe directly, by inducement and contributing to the infringement of the Patent.  Skyway is liable for infringement of the '770 Patent pursuant to 35 U.S.C. §§ 271 and 289.

103.  Skyway's infringement of Plaintiffs' exclusive rights under the '770 Patent has caused great damage and irreparable harm to Plaintiffs.  Unless enjoined by the Court, Skyway's conduct will continue to cause great, immediate and irreparable harm to Plaintiffs, because there is no adequate remedy at law.

104.  Skyway's infringing acts with respect to the '770 Patent was and is willful under 35 U.S.C. § 284, and this case is "exceptional" under 35 U.S.C. § 284, in that, among other things, Skyway had actual and/or constructive knowledge of the Patent and continued its infringing conduct in disregard of Plaintiffs' patent rights.

105.  SPT has infringed and continue to infringe the '770 Patent by manufacturing, using, marketing, selling, offering for sale, and/or importing products covered by the '770 Patent.  As a result, SPT has in the past and continues to infringe directly, by inducement and contributing to the infringement of the Patent.  SPT is liable for infringement of the '770 Patent pursuant to 35 U.S.C. §§ 271 and 289.

106.  SPT's infringement of Plaintiffs' exclusive rights under the '770 Patent has caused great damage

1  and irreparable harm to Plaintiffs.  Unless enjoined by
2  the Court, SPT's conduct will continue to cause great,
3  immediate and irreparable harm to Plaintiffs, because
4  there is no adequate remedy at law.

5      107.  SPT's infringing acts with respect to the
6  '770 Patent was and is willful under 35 U.S.C. § 284,
7  and this case is "exceptional" under 35 U.S.C. § 284,
8  in that, among other things, SPT had actual and/or
9  constructive knowledge of the Patent and continued its
10  infringing conduct in disregard of Plaintiffs' patent
11  rights.

12      108.  Tool King has infringed and continue to
13  infringe the '770 Patent by manufacturing, using,
14  marketing, selling, offering for sale, and/or importing
15  products covered by the '770 Patent.  As a result, Tool
16  King has in the past and continues to infringe
17  directly, by inducement and contributing to the
18  infringement of the Patent.  Tool King is liable for
19  infringement of the '770 Patent pursuant to 35 U.S.C.
20  §§ 271 and 289.

21      109.  Tool King's infringement of Plaintiffs'
22  exclusive rights under the '770 Patent has caused great
23  damage and irreparable harm to Plaintiffs.  Unless
24  enjoined by the Court, Tool King's conduct will
25  continue to cause great, immediate and irreparable harm
26  to Plaintiffs, because there is no adequate remedy at
27  law.

28  ///

110.   Tool King's infringing acts with respect to the '770 Patent was and is willful under 35 U.S.C. § 284, and this case is "exceptional" under 35 U.S.C. § 284, in that, among other things, Tool King had actual and/or constructive knowledge of the Patent and continued its infringing conduct in disregard of Plaintiffs' patent rights.

111.   Wayfair has infringed and continue to infringe the '770 Patent by manufacturing, using, marketing, selling, offering for sale, and/or importing products covered by the '770 Patent.  As a result, Wayfair has in the past and continues to infringe directly, by inducement and contributing to the infringement of the Patent.  Wayfair is liable for infringement of the '770 Patent pursuant to 35 U.S.C. §§ 271 and 289.

112.   Wayfair's infringement of Plaintiffs' exclusive rights under the '770 Patent has caused great damage and irreparable harm to Plaintiffs.  Unless enjoined by the Court, Wayfair's conduct will continue to cause great, immediate and irreparable harm to Plaintiffs, because there is no adequate remedy at law.

113.   Wayfair's infringing acts with respect to the '770 Patent was and is willful under 35 U.S.C. § 284, and this case is "exceptional" under 35 U.S.C. § 284, in that, among other things, Wayfair had actual and/or constructive knowledge of the Patent and continued its infringing conduct in disregard of Plaintiffs' patent

1 rights.

2     114.  Wesco has infringed and continue to infringe
3 the '770 Patent by manufacturing, using, marketing,
4 selling, offering for sale, and/or importing products
5 covered by the '770 Patent.  As a result, Wesco has in
6 the past and continues to infringe directly, by
7 inducement and contributing to the infringement of the
8 Patent.  Wesco is liable for infringement of the '770
9 Patent pursuant to 35 U.S.C. §§ 271 and 289.

10     115.  Wesco's infringement of Plaintiffs' exclusive
11 rights under the '770 Patent has caused great damage
12 and irreparable harm to Plaintiffs.  Unless enjoined by
13 the Court, Wesco's conduct will continue to cause
14 great, immediate and irreparable harm to Plaintiffs,
15 because there is no adequate remedy at law.

16     116.  Wesco's infringing acts with respect to the
17 '770 Patent was and is willful under 35 U.S.C. § 284,
18 and this case is "exceptional" under 35 U.S.C. § 284,
19 in that, among other things, Wesco had actual and/or
20 constructive knowledge of the Patent and continued its
21 infringing conduct in disregard of Plaintiffs' patent
22 rights.

23     117.  This is an exception case entitling
24 Plaintiffs to treble damages under 35 U.S.C. § 284, and
25 attorneys' fees and costs incurred in prosecuting this
26 action under 35 U.S.C. § 285.

27 ///

28 ///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Shin-Lin Li and Johnney Enterprise, Co., Ltd. pray for the following relief:

1. For a judgment that Defendants have directly infringed, contributorily infringed, and/or induced infringement of one or more claims of the Patents-in-suit;

2. For a judgment that Defendants have willfully infringed one or more claims of the Patents-in-suit;

3. For a judgment that this is an exceptional case, entitling Plaintiffs to treble damages within the meaning of 35 U.S.C. § 284 and to attorneys' fees and costs within the meaning of 35 U.S.C. § 285;

4. For preliminary and permanent injunctions enjoining the aforesaid acts of infringement under 35 U.S.C. § 271, et seq. of Defendants, its officers, agents, servants, employees, subsidiaries and attorneys, and those persons in privity or acting in concert with them, including related individuals and entities, customers, representatives, OEMs, dealers and distributors;

5. For an award of actual damages, including pre-judgment and post-judgment interest;

6. For all costs of suit; and

7. For all such other and further relief as the Court may deem just and proper.

///

///

## **DEMAND FOR JURY TRIAL**

Under Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1 of the United States District Court for the Central District of California, Plaintiffs Shin-Lin Li and Johnney Enterprise, Co., Ltd. hereby demand a trial by jury of all issues properly triable by jury.

DATED: 9/29/2011

LAW OFFICES OF VINCENT Y. LIN

By: Vincent Y. Lin
    Attorney for plaintiff
    SHIN-LIN LI and
    JOHNNEY ENTERPRISE, CO., LTD.

EXHIBIT A

US006490809B1

(12) **United States Patent**
Li

(10) Patent No.:     **US 6,490,809 B1**
(45) Date of Patent:     **Dec. 10, 2002**

(54)  BRAKE STRUCTURE OF A TAPE MEASURE

(76)  Inventor:   Shin-Lin Li, No. 22, Lane 81, Sec. 2,
Tunha S.Rd, Taipei City (TW)

(*)  Notice:   Subject to any disclaimer, the term of this
patent is extended or adjusted under 35
U.S.C. 154(b) by 0 days.

(21)  Appl. No.: 09/905,950

(22)  Filed:   Jul. 17, 2001

(51)  Int. Cl.⁷ ................................................. G01B 3/10
(52)  U.S. Cl. ........................ 33/767; 33/761; 33/755
(58)  Field of Search ........................... 33/767, 755, 761,
33/759, 756, 764, 766, 768

(56)  **References Cited**

U.S. PATENT DOCUMENTS

| 4,516,325 | A | * | 5/1985 | Cohen et al. | ............... | 33/761 |
| 4,976,048 | A | * | 12/1990 | Blackman | ............... | 33/767 |
| 5,007,178 | A | * | 4/1991 | Dewire et al. | ............... | 33/767 |
| 5,245,761 | A | * | 9/1993 | Waldherr | ............... | 33/767 |
| 5,379,523 | A | * | 1/1995 | Wingert | ............... | 33/769 |
| 5,395,069 | A | * | 3/1995 | Chen | ............... | 33/767 |
| 6,026,585 | A | * | 2/2000 | Li | ............... | 33/767 |
| 6,052,380 | A | * | 3/2000 | Li | ............... | 33/755 |
| 6,085,433 | A | * | 7/2000 | Li | ............... | 33/755 |
| 6,276,071 | B1 | * | 8/2001 | Khachatoorian | ............... | 33/761 |
| 6,505,421 | B1 | * | 6/2002 | Hao | ............... | 33/761 |

* cited by examiner

Primary Examiner—Diego Gutierrez

Assistant Examiner—Yaritza Guadalupe

(74) Attorney, Agent, or Firm—Rosenberg, Klein & Lee

(57)  **ABSTRACT**

An improved brake structure of a tape measure mainly
includes a pair of corresponding slide slots which are set at
the inner side of one side of the upper housing and the lower
housing of a tape measure, a pair of lodging troughs
extended from the end portion, which are near the outlet of
the tape, of the sliding slots, a pair of slide ways at both sides
of the control part combined in slide slots to slide in the slide
slots, a slide piece extended from the front end portion of the
control part, a pair of lodging blocks extended from both
sides of the center of the slide piece, and an inset hole set at
the front end of the slide piece. The lodging blocks are hold
to the upper edge of the lodging troughs. Below the slide
slots of the enclosure, a position part of columns is set at one
side to be combined with a brake part. A guide piece of the
brake part is inset into the inset hole at the front end of the
slide piece. When the control part moves downward, the
slide piece also moves downward to make the lodging
blocks of the slide piece slipped into the lodging troughs of
the enclosure and drive the brake part to turn in a certain
angle such that the brake part holds to the surface of the tape
to achieve the purpose of braking the tape.

3 Claims, 3 Drawing Sheets





*FIG. 1*



FIG. 2



FIG.3 (A)

FIG.3 (B)

3

the turning wheel 5. A lodging trough 15 is extended from the end portion, which is near the opening of the tape 4, of the slide slot 13. A hollow position column 16 is set slightly below the lodging trough 15. The hollow position column 16 has inside threads to be used as a screw hole for locking with screws as the upper cover 11 is combined with the lower cover 12.

A control part 2 has a push key 21 set on the surface, and a pair of slide way 22 are extended from both sides. Besides, a slide piece 23 is extended from the front end portion, and a pair of lodging blocks 24 are set at both sides of the center of the slide piece 23, and an inset hole 25 is set at the proper position of the front end portion of the slide piece 23.

A brake 3 has a main part 31 which is a hollow cylinder and can slip on the position columns 16 of the upper cover 11 and the lower cover 12, and rotate about the position columns, and, besides, a guide piece 32 and a brake piece 33 are extended from the main part 31.

The pair of the slide ways 22 of the control part 2 are combined in the slide slots 13 of the upper cover 11 and the lower cover 12 to make the control part 2 enable to slide back and forth in the slide ways 13. The push key 21 protrudes the upper cover 11 and lower cover 12. The lodging blocks 24 of both sides of the slide piece 23 of the front end portion of the control part 2 holds to the upper edge of the lodging troughs 15 at the end portion of the slide ways 13, the guide piece 32 of the brake part 3 is inset into the inset hole 25 at the front end portion of the slide piece 23, the brake structure of the present invention is accomplished.

Referring to FIG. 3, A, B, which is the exemplary drawing of the improved brake structure of a tape measure of the present invention, when the tape 4 is pulled to the desired position by a force, the user can press and push the push key 21 on the surface of the control part 2 downward to make the control part 2 move downward by the sliding ability of the slide ways 22 of both sides such that the slide piece 23 at the front end portion also moves downward at the same time. Therefore, the lodging blocks 24 extended from the slide piece 23 is lodged in the lodging slots 15 to make the control part 2 positioned. Besides, the guide piece 32 inset in the inset hole 25 moves downward due to affection of downward motion of the slide piece 23 to make the main part 31 of the brake part 3 turn in a certain angle such that the brake piece 33 hold on the surface of the tape 4 of the tape measure to achieve the purpose of braking the tape. As the user wants to retract the tape 4, the user only has to push the control part 2 to move upward to make the lodging block 24 depart from the lodging slot 15 of the end of the sliding slot 13 and drive the guide piece 32 of the brake part 3 move up and such that the brake piece 33 of the brake part 3 departs from the surface of the tape 4. In this way, the tape enables to be retracted into the enclosure of the tape measure.

Comparing with other commonly used technologies, the improved structure of a tape measure provided from the present invention has advantages as follows:

1. The sliding slots of the present invention is set according to the shape of the turning wheel, so it is non essential to increase additional space to set the sliding slots for combining with the brake part such that the purpose of reducing the whole volume of the enclosure in the tape measure is achieved.

2. In the present invention, the brake part is slipped on the hollow column and the hollow column has internal

4

threads to form a screw hole for locking with a screw as the upper housing is combined with the lower housing such that the space can be used amply.

3. The present invention has functions of operating easily, simple structure, assembling easily, and, besides, the manufacturing cost is lowered due to the function of reducing volume of the enclosure.

Many changes and modifications in the above described embodiment of the invention can, of course, be carried out without departing from the scope thereof. Accordingly, to promote the progress in science and the useful arts, the invention is disclosed and is intended to be limited only by the scope of the appended claims.

What is claimed is:

1. An improved brake structure of a tape measure, which at least comprises:

an enclosure of said tape measure combined with a turning wheel for wrapping a tape therein, wherein said enclosure mainly comprises an upper housing and a lower housing, a pair of corresponding slide slots being set in said upper housing and said lower housing, a pair of lodging troughs being extended from a position which is at an end portion of said sliding slots and near an outlet of said tape, a pair of position columns being set in a proper position below a lodging slot;

a control part, wherein a push key is set thereon and a pair of slide ways are set at both sides, and a slide piece is extended from a front end portion, a pair of lodging blocks being respectively extended from both sides of said slide piece, an inset hole being set at a front end of said slide piece;

a brake part, wherein a main part is a hollow column to enable to be slipped on and rotate about said position columns of said upper housing and said lower housing, a guide piece and a brake piece being further extended from said main part;

said slide ways of both sides of said control part being combined in said sliding slots of said upper housing and lower housing, said lodging blocks of said slide piece at the front end portion of said control part being lodged at an upper edge of said lodging troughs, said inset hole being used to combining with said guide piece of brake part when said control part is moved downward, said lodging blocks of the front end being lodged in said lodging trough of said end portion of said sliding slots to position said control part and make said guide piece of said brake part move downward such that said main part of said brake part turn in a certain angle to make said brake piece hold to a surface of said tape to achieve a braking purpose.

2. An improved brake structure of a tape measure as recited in claim 1, wherein said position columns of said upper housing and said lower housing are hollow columns, and have a plurality of internal threads for locking with a screw such that said upper housing and lower housing can be combined steadily and useful space can be utilized amply.

3. An improved brake structure of a tape measure as recited in claim 1, wherein said sliding slots are set at an inner side of one side of said upper housing and lower housing according to an arc curve of said turning wheel and are arc-shaped such that whole volume of said tape measure can be reduced.

* * * * *

US 6,490,809 B1

1

# BRAKE STRUCTURE OF A TAPE MEASURE

## BACKGROUND OF THE INVENTION

### 1. Field of the Invention

The present invention relates to an improved brake structure of a tape measure, especially to an improved brake structure of a tape measure which can reduce the volume substantially and achieve good braking effect.

### 2. Description of the Prior Art

When a tape measure is used to proceed measuring task, the brake structure therein plays a very important role because of that the braking ability of the brake structure is essential to position the tape such that the measuring task can be accomplished and the situation of hurting a user due to retraction motion without advance warning.

Commonly used brake structure is mainly composed of a control part and a brake piece. When a tape measure is assembled, a room is essential to be extended from a lateral side of an enclosure of the tape measure, and a slide slot is set on the room to combine with the brake piece and make brake piece slide on the slide slot. Besides, the control part is set at the top of the enclosure, and one end of the control part holds to one end of the brake piece to make the control part push the brake piece move downward and hold to the tape of the tape measure such that braking effect is achieved. However, the setting method makes not only volume of the enclosure larger but also manufacturing cost higher; and, besides, the control part only can be set at the top of the enclosure.

Therefore, the object described above has many disadvantages such that it is not a perfect design and need being improved.

The inventor of the present invention ruminated over the disadvantages resulted from the habitually used brake structures of a tape measure, and earnestly deliberated the way of improvement and innovation. After studying hard for a long period, the inventor eventually succeeded in inventing the present invention, an improved brake structure of a tape measure.

## SUMMARY OF THE INVENTION

The first purpose of the present invention is to provide an improved brake structure of a tape measure which can substantially reduce the area of the enclosure of the tape measure.

The second purpose of the present invention is to provide an improved brake structure of a tape measure which has advantages of controlling easily, simple structure, assembling easily, and so on.

The improved brake structure of a tape measure which can achieve the purposes described above mainly comprises an enclosure of the tape measure, a control part, a brake part; the enclosure includes an upper housing, a lower housing, and a turning wheel wrapped with tape is combined inside the enclosure. A pair of arc slide slots along the arc of the turning wheel are set at an inner side of the upper housing and the lower housing. A lodging trough is extended from the end portion of each slide slot nearby the outlet of the tape, and a position column is set slightly below the slide slot.

A push key is set at the surface of the control part, wherein a pair of slide ways are set at two sides while a slide piece is extended from the front end portion. A pair of lodging blocks is extended from two sides of the control part and inset

2

hole is set at the front end of the slide piece. In this way, the slide ways of both sides of the control part are combined in the slide slots of the upper housing and the lower housing to slide in the sliding slots and thus, the lodging blocks of the slide piece at the front end can hold to the upper edge of the lodging trough. The main part of the brake part is a hollow cylinder to slip on and the position columns of the upper housing and the lower housing and further rotate about these position columns. A brake piece and a guide piece are extended from the brake part. The guide piece is used for lodging in the inset hole of the slide piece at the front end portion of the control part. When the user uses the push key of the control part to make the control part move downward, the slide piece also moves downward to make the lodging blocks of the slide piece lodged in the lodging troughs of the said portion of the slide slots such that the control part can be positioned. The brake part can be affected by the downward motion of the slide piece to turn in a certain angle to make the brake piece thereon hold to the surface of the tape such that the function of braking tape is accomplished.

## BRIEF DESCRIPTION OF THE DRAWINGS

The drawings disclose an illustrative embodiment of the present invention which serves to exemplify the various advantages and objects hereof, and are as follows:

FIG. 1 is the exploded drawing of the improved brake structure of a tape measure of the present invention;

FIG. 2 is the schematic drawing of combination of the improved brake structure of a tape measure of the present invention;

FIG. 3 is the exemplary drawing of the improved brake structure of a tape measure.

## DIAGRAM REMARKS

1 Enclosure
11 Upper housing
12 Lower housing
13 Slide slot
14 Shaft bar
15 Lodging trough
16 Position column
2 Control part
21 Push part
22 Slide way
23 Slide piece
24 Lodging block
25 Inset hole
3 Brake part
31 Main part
32 Guide piece
33 Brake piece
4 Tape
5 Turning wheel

## DETAILED DESCRIPTION OF THE PREFERRED EMBODIMENT

Referring to FIG. 1 and FIG.2, the improved brake structure of a tape measure provided from the present invention mainly comprises:

An enclosure 1 comprises an upper housing 11 and a lower housing 12. The lower housing 12 has a shaft bar 14 to be slipped on by a turning wheel 5 wrapped with a tape 4. A pair of slide slots 13 are set at the inner side of the upper housing 11 and the lower housing 12. The slide slots 13 are shaped as an arc according to the arc curve of

EXHIBIT B

US00D485770S

(12) **United States Design Patent**     (10) Patent No.:     **US D485,770 S**
Lee     (45) Date of Patent:     ** **Jan. 27, 2004**

(54)   TAPE MEASURE

(76)   Inventor:   Shih-Lin Lee, 1Fl., No. 22, Lane 81,
Sec. 2, Tunhwa S. Rd., Taipei (TW)

(**)   Term:   14 Years

(21)   Appl. No.: 29/176,628

(22)   Filed:   Feb. 27, 2003

(51)   LOC (7) Cl. ...................................... **10-04**
(52)   U.S. Cl. ............................................ **D10/72**
(58)   Field of Search .................. D10/72; 33/755–770;
242/379, 379.2, 376

(56)   References Cited

U.S. PATENT DOCUMENTS

6,182,916 B1 * 2/2001  Lin ........................ 242/379
D438,478 S  * 3/2001  Lin ........................... D10/72
D447,712 S  * 9/2001  Hsu ........................... D10/72

* cited by examiner

Primary Examiner—Antoine Duval Davis
(74) Attorney, Agent, or Firm—Rosenberg, Klein & Lee

(57)                   CLAIM

The ornamental design for a tape measure, as shown.

DESCRIPTION

FIG. 1 is a front right perspective view of a tape measure
showing my new design;
FIG. 2 is a front perspective view thereof;
FIG. 3 is a rear perspective view thereof;
FIG. 4 is a left side elevation view thereof;
FIG. 5 is a right side elevation view thereof;
FIG. 6 is a top plan view thereof; and,
FIG. 7 is a bottom plan view thereof.

1 Claim, 5 Drawing Sheets





FIG.1



FIG. 3



FIG. 2

U.S. Patent       Jan. 27, 2004       Sheet 3 of 5       US D485,770 S



FIG. 4



FIG.5



FIG. 7



FIG. 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## SACV11- 1517 DOC (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

Vincent Y. Lin (SBN: 201419)
LAW OFFICES OF VINCENT Y. LIN
17919 Gale Avenue
City of Industry, CA 91748
Tel" (626) 935-0929

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIN-LIN LI and JOHNNEY ENTERPRISE, CO., LTD., | CASE NUMBER |
| PLAINTIFF(S) | SACV11-1517 DOC (SAx) |
| v. | |
| See Attachment | |
| | **SUMMONS** |
| DEFENDANT(S). | |

TO:     DEFENDANT(S): _____  _____
_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _____ Vincent Y. Lin _____, whose address is _____ 17919 Gale Avenue, City of Industry, CA 91748 _____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

SEP 2 9 2011

Clerk, U.S. District Court

Dated: _____

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

1  Vincent Y. Lin (SBN: 201419)
   E-mail: lds@vincentlinlaw.com
2  LAW OFFICES OF VINCENT Y. LIN
   17919 Gale Avenue
3  City of Industry, CA 91748
   Tel: (626) 935-0929
4  Fax: (626) 935-0380

5  Attorney for plaintiff
   SHIN-LIN LI and
6  JOHNNEY ENTERPRISE, CO., LTD.

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11 SHIN-LIN LI and JOHNNEY      )   Case No.
   ENTERPRISE, CO., LTD.,       )
12                              )
                                )   **COMPLAINT FOR PATENT**
13                              )   **INFRINGEMENT AND**
              Plaintiff,        )   **INJUNCTIVE RELIEF**
14                              )
                                )
15      v.                      )
                                )   DEMAND FOR JURY TRIAL
16                              )
   STAR ASIA, U.S.A., LLC       )
17 dba TITAN; AMAZON.COM,       )
   INC.; BUY.COM INC.;          )
18 COASTAL TOOL SUPPLY LLC      )
   dba NETWORK TOOL             )
19 WAREHOUSE; DEPOT REPAIR      )
   SERVICES LLC dba THE         )
20 PRICE PROS; IGG FACTORY      )
   INC. dba HANDHELDITEMS;      )
21 JANAKAL TOOL & SUPPLY;       )
   MATT'S TOOLS; O'REILLY       )
22 AUTOMOTIVE STORES, INC.;     )
   QUALITY TOOLS FOR LESS,      )
23 LLC; SKYWAYTOOLS.COM;        )
   SUPERIOR PANEL TECHNOLOGY    )
24 (SPT); TOOL KING LLC;        )
   WAYFAIR LLC; WESCO           )
25 ENTERPRISE LLC dba WESCO     )
   TOOLS; and DOES 1 through    )
26 50, inclusive,               )
                                )
27                              )
              Defendants.       )
28                              )
   _____)

i

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Shin-Lin Li and Johnney Enterprise, Co., Ltd.

**DEFENDANTS**
Star Asia, U.S.A., LLC dba Titan, et al.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

LAW OFFICES OF VINCENT Y. LIN
17919 Gale Avenue, City of Industry, CA 91748
Tel: (626) 935-0929

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT: $** To be proven at trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
35 U.S.C. 271, 284, 289 for patent infringement and injunctive relief

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☒ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | **REAL PROPERTY** | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 210 Land Condemnation | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 220 Foreclosure | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | ☐ 440 Other Civil Rights | | |
| | ☐ 290 All Other Real Property | | | | |

SACV11-1517

**FOR OFFICE USE ONLY:**    Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(a).  IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

VIII(b).  RELATED CASES:  Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

IX.  VENUE:  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Taiwan |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County; Orange County | Washington; Delaware; Nevada; Oregon; Missouri; Colorado; Butte County; Pennsylvania |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER):                              Date  9/29/2011

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |